IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | § | |
| Vs. | § | CIVIL ACTION NO. 9:11CV51 |
| MATTHEW RAY CARGILL | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") filed the above-styled lawsuit on March 30, 2011. The matter was transferred to the undersigned with the consent of the parties on June 20, 2011. State Farm filed a Motion for Summary Judgment (document [#20](#)) on October 27, 2011. For the reasons assigned below, the Court finds that the Motion for Summary Judgment should be granted.

*Background*

State Farm filed this lawsuit seeking a declaratory judgment that it owes no duty to defend or indemnify Matthew Ray Cargill ("Cargill") in a lawsuit currently pending in the District Court of Angelina County, Texas, styled *Lacey Calhoun v. Dave Overdorf, et al.*, Cause No. CV-42,527-09-08. The underlying lawsuit arises out of an accident that occurred early in the morning on April 19, 2009. David and Lori Overdorf own a bed and breakfast – the Southern Stables Bed and Breakfast – located in Lufkin, Texas. The property is rented out for special events and includes a

house and stable. A wedding and reception were held on the property on April 18, 2009. Cargill was a groomsman at the wedding. The rental agreement provided that members of the wedding party could spend the night on the property after the wedding and reception. The Overdorfs do not reside on the property and left at the end of the reception, estimated to be at 12:00 to 12:30 a.m. Cargill remained on the property after the reception. Cargill estimates that he drank approximately eight beers the day of the wedding.

After the reception, around midnight, Cargill noticed a Yamaha Rhino All Terrain Vehicle outside of the barn area. Cargill testified in his deposition that he did not know who owned the Rhino, had not seen the Overdorfs near the Rhino and did not request or receive permission from anyone to use the Rhino. According to Cargill, he saw three other men at the wedding – the bride's brother, the brother's friend, and Cargill's cousin – take rides on the Rhino. At his deposition, Cargill opined that it was permissible for him to operate the Rhino because he saw other guests doing it. Around 12:30 a.m., Cargill took his first ride on the Rhino. There were no posted signs telling guests that they could not operate the Rhino. Other equipment, such as tractors, were also located on the property. A little more than an hour later, at approximately 1:45 a.m., Cargill rode the Rhino again. This time, he had a passenger, Lacey Calhoun. Cargill testified that he "turned a doughnut" both times he rode the Rhino. When riding the Rhino back to the barn with Lacey Calhoun, Cargill rolled the Rhino as he attempted to make a 180 degree turn while parking it. Lacey Calhoun received injuries in the accident and she filed the underlying lawsuit against the Overdorfs and Cargill asserting a negligence cause of action.

At the time of the accident, the Rhino was insured under a policy issued by State Farm to David Overdorf. In its motion for summary judgment, State Farm asserts that it does not have a duty

to defend or indemnify Cargill because the policy contains an exclusion of liability coverage for any person using the vehicle without a reasonable belief that he is entitled to do so. State Farm contends that there is no coverage for Cargill under the policy because he did not have permission to use the vehicle and did not have a reasonable belief that he was entitled to do so. In his response, Cargill asserts that there is a genuine issue of material fact in this case concerning whether he had a reasonable belief that he was entitled to use the Rhino.

*Summary Judgment Standard*

Rule 56(a) of the FED. R. CIV. P. provides that the Court may only grant a motion for summary judgment when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Id.*

Summary judgment is inappropriate if the evidence before the court, viewed as a whole,

could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir. 1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutual Automobile Insurance Co.,* 784 F.2d 577, 578 (5th Cir.1986). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986). The Court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d at 1075. The Court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1048 (5th Cir. 1996) (citing *Little v. Liquid Air Corp*, 37 F.3d at 1075).

"The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 247-248. An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A "material fact" is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510. "When the moving party has carried its burden under Rule 56(c) [now 56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a

rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587, 106 S.Ct. 1348 (1986) (footnote omitted).

*Discussion and Analysis*

Duty to Defend

Generally, under Texas law, an insurer's duty to defend will be determined by looking only at the complaint filed in the underlying lawsuit and the policy, commonly referred to as the "eight-corners rule" or the "complaint allegation rule." *GuideOne Elite Insurance Company v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex.2006); *King v. Dallas Fire Insurance Company*, 85 S.W.3d 185, 187 (Tex.2002). The truth or falsity of the allegations in the pleadings is irrelevant and the allegations are to be liberally construed in favor of coverage. *Id.* (citing *Argonaut Sw. Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex.1973) and *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex.1997)). The insurer does not have a duty to defend if the underlying lawsuit pleadings do not allege facts within the scope of coverage. *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141. The insurer has a duty to defend if the facts alleged in the latest amended pleading, if taken as true, would potentially state a cause of action falling within the terms of the policy. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir.2004); *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141.

In determining whether the pleadings potentially state a cause of action that is covered by the policy, the focus is on the alleged facts rather than the legal theories asserted in the pleadings. *Id.* A court should not read facts into the pleadings or imagine factual scenarios that might trigger

coverage. *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 142. The burden is on the insured to establish that a claim is potentially within the scope of coverage. *Lincoln General Ins. Co. v. Reyna*, 401 F.3d 347, 350 (5th Cir.2005) (*citing Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d at 528). If the insured successfully establishes that a claim is potentially within the scope of coverage, the burden is then on the insurer to show, within the confines of the eight-corners rule, that the plain language of a policy exclusion or other limitation excludes coverage. *Id.*

In his response to the motion for summary judgment, Cargill submits that extrinsic evidence is not proper for consideration in this case, but he does not point to allegations in the underlying state court petition or the provisions of the policy at issue showing coverage. The petition filed by Lacey Calhoun alleges that the Overdorfs "provided a Yamaha Rhino for use by the guests and/or failed to take reasonable precautions to restrict its use by guests." The policy definition for a "covered person" includes "any person using your covered auto." State Farm does not appear to dispute that Cargill was using a covered auto. The allegations in the underlying petition are next considered in light of any applicable exclusions. *See Old Republic Insurance Co. v. Comprehensive Health Care Associates, Inc.*, 2 F.3d 105, 107 (5th Cir.1993). Here, the policy includes an exclusion for a person "using a vehicle without a reasonable belief that that person is entitled to do so."

The petition filed in the underlying case contains only a general allegation that the Rhino was provided for guest use or that it was not reasonably restricted from use by guests. The allegations do not touch on what Cargill's belief was at the time of the accident concerning whether he was entitled to use the Rhino. Although not expressly addressed by the Texas Supreme Court, the availability of a limited, narrow exception to the eight-corners rule has long been recognized by some

Texas appellate courts, the Fifth Circuit and some federal district courts. *See, e.g.,* W. Heritage Ins. Co. v. River Entertainment, 998 F.2d 311, 313 (5th Cir.1993); McLaren v. Imperial Casualty & Indemnity Co., 767 F.Supp.1364, 1374 (N.D.Tex. Feb. 12, 1991), *aff'd*, 968 F.2d 17 (5th Cir.1992); State Farm Fire & Casualty Co. v. Wade, 827 S.W.2d 448, 452-53 (Tex.App.–Corpus Christi 1992), *writ denied*; Gonzales v. American States Insurance Co, 628 S.W.2d 184, 187 (Tex.App.–Corpus Christi 1982); Cook v. Ohio Casualty Insurance Co., 418 S.W.2d 712, 715-16 (Tex.Civ.App.–Texarkana 1967); International Service Insurance Co. v. Boll, 392 S.W.2d 158, 161 (Tex.Civ.App.–Houston [1st Dist.] 1965), *writ ref'd n.r.e.* More recently, in Northfield Insurance Co. v. Loving Home Care, Inc., 363 F.3d at 531, the Fifth Circuit made an *Erie* prediction that the Texas Supreme Court would recognize a narrow exception to the eight-corners rule where "it is initially impossible to discern whether coverage is potentially implicated and when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." The Texas Supreme Court later cited this finding with approval in GuideOne Insurance Co. v. Fielder Road Baptist Church, 197 S.W.3d 305 (Tex.2006).

In this case, the petition filed in the underlying lawsuit does not allege facts from which the applicability of the asserted policy exclusion can be discerned. The complaint itself does not bring the claim within or outside of the scope of coverage. The extrinsic evidence proffered in this case does not concern the truth or falsity of the negligence allegation asserted in the underlying petition. Instead, extrinsic evidence is submitted in this case concerning only the narrow issue as to whether Cargill had a reasonable belief that he was entitled to operate the Rhino, which is a fundamental issue of coverage.

There is no dispute that Cargill did not have the owners' permission to operate the Rhino. Cargill admits in his deposition that he did not ask for or receive permission to operate the vehicle. Indeed, he testified that he did not even know who owned the vehicle. The policy exclusion, however, does not address "permission;" rather it focuses on whether the driver had a reasonable belief he was entitled to operate the vehicle. Cargill admits that he drank eight beers before driving the Rhino. Cargill's basis for asserting that he had a reasonable belief that he was entitled to operate the Rhino is based solely on the fact that he saw others doing it. As the Court noted in *Empire Indemnity Insurance Co. v. Allstate County Mutual Insurance Co.*, 617 F.Supp.2d 456, 465 (N.D.Tex. May 8, 2008), *affirmed*, 319 Fed.Appx. 336 (5th Cir.2009), the Texas Supreme Court has not set forth the standard applicable to the "reasonable belief" exclusion. A Texas appellate court, however, has used an objective analysis in determining whether a putative insured had a reasonable belief. *See United States Fire Insurance Co. v. United Service Automobile Assoc.*, 772 S.W.2d 218, 224 (Tex.App.–Dallas 1989). In *Empire Indemnity Insurance Co.*, the Court made an *Erie* guess that the Texas Supreme Court would most likely employ an objective test to determine whether a putative insured had a "reasonable belief" that he was entitled to use a vehicle. *Empire Indemnity Insurance Co. v. Allstate County Mutual Insurance Co.*, 617 F.Supp.2d at 465.

The evidence submitted in this case shows that Cargill did not have an objectively reasonable belief that he was entitled to use the Rhino. The manner in which he operated the vehicle, cutting doughnuts in the pasture, coupled with the fact that he consumed eight beers before getting on the vehicle, operates against his assertion that he thought it was permissible. Cargill's assertion that he saw others doing it does not support an objectively reasonable belief that he was entitled to use the vehicle. As such, State Farm does not have a duty to defend Cargill in the underlying lawsuit.

Duty to Indemnify

A duty to indemnify is a distinct and separate duty from the duty to defend. *Utica National Insurance Co. v. American Indemnity Co.*, 141 S.W.3d 198, 203 (Tex.2004). The Fifth Circuit has recognized that the duty to defend under Texas law is broader than the duty to indemnify. *American States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir.1998). The duty to indemnify, however, is not dependent on the duty to defend. *D.R.Horton-Texas, Ltd. v. Markel International Insurance Co.*, 300 S.W.3d 740, 743 (Tex.2009). They are independent duties that may exist without the other. *Id.* In general, the duty to indemnify, which hinges on the facts as established and proven, is only justiciable after the completion of the underlying litigation. *Id.* at 744. If, however, the same reasons negating the duty to defend would negate the duty to indemnify, the underlying litigation does not have to be resolved before the insurer's duty to indemnify can be determined. *Farmers Texas County Mutual Insurance Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex.1997).

Cargill does not respond to State Farm's assertion that it is entitled to summary judgment on the issue of the duty to indemnify. As set forth above, the Court finds that the "reasonable belief" policy exclusion is applicable and Cargill is excluded from coverage. The facts yet to be determined in the underlying lawsuit concerning whether Cargill and/or the Overdorfs were negligent do not affect the issue of whether the exclusion applies. The same reasons negating the duty to defend Cargill also negate the duty to indemnify him. Accordingly, the Court finds that the duty to indemnify is justiciable at this stage of the proceedings and State Farm has no duty to indemnify Cargill in the underlying lawsuit.

As a result of the foregoing, it is accordingly

**ORDERED** that State Farm's Motion for Summary Judgment (document #20) is

**GRANTED**. State Farm owes no duty to defend or indemnify Matthew Ray Cargill in the underlying lawsuit currently pending in the District Court of Angelina County, Texas, styled *Lacey Calhoun v. Dave Overdorf, et al.*, Cause No. CV-42,527-09-08. It is further

**ORDERED** that the Bench Trial scheduled for February 14, 2012 is **CANCELED**.

**ORDERED** that any motion not previously ruled on is **DENIED.**

So **ORDERED** and **SIGNED** this **10** day of **January, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE